Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Kelsey M. Schultz (SBN 301494)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Design Collection, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ZOETOP BUSINESS CO., LTD., individually and doing business as "SHEIN", a Hong Kong private limited company; SHEIN DISTRIBUTION CORP., a Delaware corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 2:22-cv-05166-PA-JEM<br>*Hon. Judge Percy Anderson*<br><br>JOINT RULE 26(f) REPORT<br><br>Date:        November 21, 2022<br>Time:       10:30 a.m.<br>Courtroom: 9A, 9th Floor |

By and through their attorneys of record, who are set forth below, the parties have prepared and hereby submit this jointly signed Scheduling Conference report following the conference of counsel required by Federal Rule of Civil Procedures 16(b) and 26(f), Central District Local Rule 26-1 and this Court's Order setting a Scheduling Conference.

## A. STATEMENT OF THE CASE

<u>Plaintiff's Contentions</u>

Plaintiff Design Collection, Inc. is a Los Angeles-based textiles company. As part of its business practices, it creates or purchases the exclusive rights to two-dimensional works of art and files and receives copyright registrations for these works. This case concerns Defendants' infringement of two such designs—DC-12143 ("Subject Design A") and DC-1963 ("Subject Design B"). Specifically, the Complaint alleges that Defendants sold fabric and/or garments bearing unauthorized reproductions and/or derivative works that infringe upon the Subject Designs.

Plaintiff estimates that recoverable damages, including without limitation Defendants' disgorgeable profits, Plaintiff's actual damages, attorneys' costs, and pre-judgment interest on its copyright claim are likely in excess of $100,000.00. Plaintiff may alternately elect statutory damages, which would amount to up to $150,000 per instance of infringement.

<u>Defendants' Contentions</u>

Defendants dispute all of Plaintiff's material allegations. Defendants contend that the accused products are not substantially similar to the designs at issue, let alone virtually identical; Plaintiff will therefore be unable to prove copying as a matter of law. Defendants further contend that any damages attributable to the alleged infringement are far less than the estimate provided by Plaintiff and that, if Plaintiff elects to recover statutory damages, such statutory damages would be minimal as Plaintiff will be unable to prove willfulness. Defendants have also

pleaded numerous affirmative defenses, including independent creation and implied license.

### B. SUBJECT MATTER JURISDICTION

This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

### C. LEGAL ISSUES

Plaintiff's Contentions

The legal issues in this case involve Plaintiff's ownership of the copyright in the Subject Design and Defendants' infringement thereof, including Defendants' access to the Subject Design and the substantial similarities between the Subject Design and the designs of the Subject Products. Legal issues concerning heightened damages for willful infringement are also present.

Defendants' Contentions

Defendants concur with Plaintiff's summary of the legal issues.

### D. DAMAGES

Plaintiff's Contentions

Pursuant to 17 U.S.C. § 501 *et seq*., Plaintiff is entitled to damages resulting from its (1) actual damages, (2) any additional profits realized by the Defendants, and (3) any further economic advantage realized by the Defendants through their infringement.

Plaintiff was denied profits it would have realized had it been lawfully hired to print the infringing fabric. Plaintiff will calculate lost profits damages after discovery.

Defendants' Contentions

If liability were otherwise established, Defendants estimate that plaintiff's own "actual damages" would be zero. Which is to say that plaintiffs in cases like this one are often unable to demonstrate that defendants' alleged infringement

caused the plaintiff any demonstrable direct harm whatsoever.

Which is why plaintiffs in cases like this one typically seek *disgorgement* of the *defendant's* profits "that are *attributable to the infringement*" (*see* 17 U.S.C. § 504(b)(1)) (emphasis added). In garment cases like this one, most of a defendant's profits are *not* going to be "attributable to the infringement". Which is to say the profits were earned not because there was allegedly infringing artwork on the garment, but because the garment had a nice silhouette, the fabric was desirable, the color was on trend, the price point was right, the marketing was effective, etc. Thus, the portion of a defendant's products "attributable to the infringement" are typically a small slice of the defendant's total profits on any allegedly infringing garment.

Alternatively, and assuming timely and valid registration, a plaintiff may elect to recover statutory damages, instead of seeking disgorgement of the defendant's profits or actual damages. Defendants contend that statutory damages in this case could be as low as $1,500 (for non-willful infringement), or even $400 (for innocent infringement).

Defendants contend that the Copyright Act does not provide for the recovery of "further economic advantage realized by the Defendants through their infringement."

### E. PARTIES, EVIDENCE, etc.

<u>Plaintiff's Contentions</u>

The parties are Plaintiff Design Collection, Inc. and Defendants Zoetop Business Co., Ltd.; Shein Distribution Corp.; and Doe Defendants.

Should Defendants reveal in Initial Disclosures or discovery responses any garment manufacturers, vendors, or suppliers involved in the chain of alleged infringement of Plaintiff's Subject Design, Plaintiff will move to add such entities as parties to this action in place of Doe Defendants.

Plaintiff has no parents, subsidiaries, or affiliates that are implicated in this litigation.

Defendants' Contentions

Percipient witnesses that Defendants intend to seek testimony or documents from include: (1) the actual designer(s) of each of Plaintiff's claimed registered works; (2) people involved in printing, milling, or manufacturing Plaintiff's designs, including, especially, any mills or third-party trading companies that Plaintiff provided its designs to, so that the designs could be printed onto fabric in China; (3) individuals, whether employed by Plaintiff or who work for Plaintiff's customers or suppliers, with direct knowledge of how Plaintiff typically values its artwork; (4) Plaintiff's owner or other principal; (5) a corporate representative of Plaintiff; and (6) witnesses employed by or who represent Defendants.

Relevant documents and things that will be sought in discovery include: (1) the *exact* "deposit copy" that was submitted to the Library of Congress as part of Plaintiff's copyright registration application, for each of the copyright(s)-in-suit, and other documentation related to the application and registration of Plaintiff's works; (2) documents and other things from the actual designer(s) of Plaintiff's claimed registered works, evidencing who purportedly created something original, when, and how they did so; (3) documents and other things from people involved in printing, milling, or manufacturing Plaintiff's designs, including, especially, any mills or third-party trading companies that Plaintiff provided its designs to, so that the designs could be printed onto fabric in China; (4) documents and other things from individuals, whether employed by Plaintiff or who work for Plaintiff's customers or suppliers, with direct knowledge of how Plaintiff typically values its artwork; and (5) other documents from Plaintiff that relate to proving copying or access, and to proving damages.

**F. INSURANCE**

Plaintiff does not have insurance coverage for the claims at issue.

Defendants are not aware of any insurance that would cover the claims at issue.

**G. MANUAL FOR COMPLEX LITIGATION**

The parties do not believe the manual for complex litigation will be necessary for this action.

**H. MOTIONS**

Plaintiff's Contentions

Plaintiff may wish to move to add additional defendant should discovery reveal the involvement of currently unknown parties in the chain of infringement of Plaintiff's proprietary designs. It is likely an initial round of discovery will need to be obtained in order to discern the identities of these Defendants.

Defendants' Contentions

In the event that material errors are found in any of Plaintiff's copyright registration applications, it is possible that Defendants would make a motion pursuant to 17 U.S.C. § 411(b)(2), which provides that in certain circumstances "the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration."

Another non-dispositive motion that Defendants may bring would be one to obtain testimony from Plaintiff's designer of the works at issue, if that designer resides out of the United States and if Plaintiff refuses to produce him or her voluntarily.

**I. DISPOSITIVE MOTIONS**

Plaintiff's Contentions

Plaintiff anticipates filing a Motion for Partial Summary Judgment for Liability as to Defendants for copyright infringement by the deadline for

dispositive motions.

<u>Defendants' Contentions</u>

Defendants anticipate filing a motion for summary judgment challenging substantial similarity, in which they argue that Plaintiff cannot meet the Ninth Circuit's "extrinsic test" for substantial similarity. Depending on how promptly and appropriately Plaintiff answers interrogatories articulating *exactly what* it is claiming as original authorship, and providing related documents, this motion could be brought well before the close of fact discovery.

**J. CHANGES UNDER RULE 26(a)**

The Parties do not believe that any changes should be made in the timing, form, or requirement for disclosures under Rule 26(a). The Parties will exchange initial disclosures on or before December 5, 2022, in accordance with Rule 26(a)(1).

**K. DISCOVERY PLAN**

The parties anticipate using all discovery allowed under the Federal Rules, including depositions, requests for documents, interrogatories and requests for admissions, and potentially entering into an appropriate stipulated protective order.

The parties reserve all objections to discovery propounded even if the subject matter is identified below. Further, the parties reserve all rights to seek discovery outside of the subject matter identified below.

The parties agree to meet and confer over electronic discovery issues at the time any such disputes arise, including the form or production of electronic information and scope of any such electronic discovery. The parties also anticipate that each party (or a corporate representative thereof), as well as third parties, will need to be deposed, and that said depositions shall take place after an initial round of written discovery. The parties anticipate these depositions being taken during the discovery period.

The parties agree to stipulate to and file a protective order regarding the

disclosure of confidential information and documents in discovery.

*See* Proposed Dates below for applicable discovery deadlines.

<u>Plaintiff's Contentions as to Subject Matter of Discovery</u>

Plaintiff anticipates seeking sales and distribution information, including without limitation information concerning sales receipts, store-by-store asset allocation, profits attributable to the product at issue, as well as the development and authorship of the accused designs at issue.

<u>Defendants' Contentions</u>

Defendants anticipate using the discovery mechanisms allowed under the Federal Rules and entering into an appropriate stipulated protective order, and investigating all of the witnesses and subjects discussed above in Section (E).

Defendants do not anticipate that this is a case involving significant ESI issues, at least with respect to what they intend to request from Plaintiff or what they think it would appropriate for Plaintiff to request from Defendants.

Defendants' main concern with respect to discovery issues that might affect case timing is that it is possible that this case could involve needing to take testimony from witnesses who reside overseas, and who Plaintiff may be unable or unwilling to produce voluntarily, such as the designer(s) of the copyrights in suit, who often reside in Europe and Asia and may or may not work for the Plaintiff company.

**L. EXPERT DISCOVERY**

*See* Proposed Dates below for applicable expert discovery deadlines.

**M. SETTLEMENT EFFORTS AND ALTERNATE DISPUTE RESOLUTION**

The Parties are amendable to using Central District Settlement Procedure No. 2 under Local Rule 16-15.4.

**N. TRIAL ESTIMATE**

Plaintiff and Defendants have each requested a jury trial. The parties estimate the trial in this matter to last **between 2–3 court days.**

**O. TRIAL COUNSEL**

Plaintiff's Trial Counsel: Stephen M. Doniger, Trevor W. Barrett, and Kelsey M. Schultz.

Defendants' Trial Counsel: Morgan E. Pietz (lead), Cyrus E. Shahriari, and Thomas P. Burke Jr.

**P. MAGISTRATE JUDGE**

The Parties do not stipulate to the use of a magistrate judge unless specifically required under the applicable local rules.

**Q. INDEPENDENT EXPERT OR MASTER**

The parties presently do not believe this case requires the Court to appoint a master pursuant to Rule 53 or an independent scientific expert.

**R. EXPERT WITNESSES**

Plaintiff's Contentions

Plaintiff has not yet determined if it will utilize an expert witness in this case.

Defendants' Contentions

Defendants may engage expert witnesses to opine on substantial similarity and attributable profits and deductible costs.

**S. SCHEDULE WORKSHEET**

See Proposed Dates below for applicable pretrial and trial dates.

**T. CLASS ACTIONS**

The Parties presently do not believe this case qualifies under a class action suit.

**U. OTHER ISSUES**

The Parties do not contemplate that any other issues will affect or complicate the status or management of this case.

/ / /

/ / /

/ / /

## V. **PROPOSED DATES**

| Trial: | October 24, 2023 |
|---|---|
| Pretrial conference: | October 9 2023 |
| Last day to add claims or parties: | April 17, 2023 |
| Last Day to File Motions: | August 14, 2023 |
| Fact Discovery cut-off: | July 5, 2023 |
| Opening Expert Disclosures: | May 1, 2023 |
| Expert Rebuttal Disclosure: | May 29, 2023 |
| Expert Discovery cut-off: | May 29, 2023 |
| Settlement conference cut-off: | September 4, 2023 |

WHEREUPON, the parties, by and through their respective attorneys of record, hereby jointly submit this Joint Report.

Respectfully submitted,

Dated: November 7, 2022    By:    /s/ *Kelsey M. Schultz*
Trevor W. Barrett, Esq.
Kelsey M. Schultz, Esq.
DONIGER /BURROUGHS
Attorneys for Plaintiff
Design Collection, Inc.

Dated: November 7, 2022    By:    */s/ Morgan E. Pietz*
Morgan E. Pietz
Cyrus E. Shahriari
Thomas P. Burke, Jr.
Attorneys for Defendants

1 | The undersigned attests that all signatories listed, and on whose behalf this
2 | filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 7, 2022                    By:   */s/ Kelsey M. Schultz*